THEODORE WINTERS *v.* ALFRED HELM AND OTHERS, THOMAS J. BEDFORD AND MARTHA A. BEDFORD, APPELLANTS.

When one obtains possession of property by a fraudulent use of a rule of Court, it is the duty of the Court to remove him and restore the possession to the former occupant.

Even if the possession is voluntarily surrendered to the claimant under the rule, to hold whilst the occupant goes to consult his principal or legal adviser as to whether it is his duty to surrender the property in obedience to the rule served, and the party who thus gets temporary possession by means of and in consequenc of the rule, afterwards fraudulently refuses to yield up the possession thus obtained, it is equally the duty of the Court to restore the possession.

When the Court restored the possession thus fraudulently obtained to a corporation upon a petition signed and sworn to by the party actually ousted, this Court will not reverse the judgment because of their being no sufficient evidence that the party actually ousted was the agent or servant of the alleged corporation.

The person who obtained or retained possession by fraud was properly ousted, and it does not lie in his mouth to say the wrong person was put in possession.

APPEAL from the District Court of the Second Judicial District, Hon. C. N. HARRIS, Judge of the Third Judicial District, presiding.

*Ellis & Sawyer* for Appellants, filed the following points:

There is no evidence in the case showing or tending to show that there is such a corporation as the " Lake Bigler Road Co."

There is no evidence before the Court that H. M. Yerrington or R. A. Winn, witness, was agent, or in the employ of Lake Bigler Road Co.

There is no evidence tending to show that Lake Bigler Road Co. was put out of possession under and by virtue of any order of any Court.

The deed in this statement mentioned was improperly admitted in evidence, not being stamped.

The Lake Bigler Road Company is incapable of holding or exercising a toll road franchise.

One person not a party to a suit cannot in such suit have *such* *order* against another person also not a party to the suit. (1 A. K. Marshall, 246.)

The original elisor was the proper party to serve all papers in the pending suit, and it was error to appoint another to serve an order therein without cause shown, to supersede him.

The order made was radically different from that against which appellants were cited to show cause.

The appellants did show cause why said rule should not be made absolute, and it should have been discharged.

It was essential for the Lake Bigler Road Company to show *upon the hearing* of its existence as a corporation, its capacity *to take* and enjoy and exercise a franchise, and that it has been deprived of this enjoyment by Bedford *et al.* as alleged.   This they failed to do.

The right of this corporation *to take and hold a franchise* must first be shown before the doctrine can be invoked, *that* Bedford cannot inquire *collaterally* as to the necessity of the company's so *holding and exercising this franchise.*

The right of this company to enjoy or take a franchise is a direct and not a collateral inquiry in this case.

It does not appear either in the affidavit of Winn, nor in his testimony, that he was the agent of the Lake Bigler Road Company, a corporation at the time of the alleged ouster.   This is fatal.

*George A. Nourse,* on the same side, argued as to matters of practice in making statements, taking appeals, etc., which are not passed on by the Court ; he also suggested, in addition to the points made by his associates :

The appellant Bedford did not obtain possession by means of the writ.   The possession was substantially surrendered to him.   If Bedford was guilty of any wrong in retaining possession, it does not relate back so as to make the original taking wrong.

Bedford claiming a right to the property, and having been placed voluntarily in possession by Winn, was under no moral obligation to surrender possession.   He had a right to retain possession, and let the other side sue.

*Robert M. Clarke,* for Respondents, filed a brief relating to those matters of practice in regard to statements and appeals which are not passed on by this Court.   He insisted this Court must be guided

by the findings of fact alone for the want of a proper statement on appeal.

Opinion by BEATTY, C. J., LEWIS, J., concurring.

In this case, which was for the foreclosure of a mortgage, a sale of a two-fifths interest in a certain toll-road was ordered.   Martha A. Bedford, wife of Thomas J. Bedford, became the purchaser of that interest.   After purchase, she and her husband applied to the Court for an order to be put in possession of the road.   The Court ordered a rule to be served on the defendants and all persons claiming under them, requiring the road to be by them given into the possession of Bedford and wife, or else that they should, on a certain day, show cause why a writ of assistance should not be issued to place them in possession.   Thomas J. Bedford, one Griswold (a person in his employ) and Joseph I. Hatch, who had been  appointed elisor in this case, went with a copy of this rule to the toll-house, where they found one Winn in possession of the house and receiving tolls.   The rule was served on Winn, and after such service he asked advice of the elisor as to what he should do.   The elisor told him it might be a contempt of Court not to deliver up possession, but he did not know; he must decide for himself.   Winn then asked the elisor to keep the toll-house and collect the tolls, whilst he went to town to inquire what it was his duty to do.   This the elisor declined to do.   He then asked Bedford if he would collect the tolls whilst he went to town to inquire what he must do.   Bedford consented. · Winn went to town, and was informed that it was not his duty, under such a rule, to deliver possession.   He then went back and sought to regain possession; but Bedford refused to surrender, and he and his man Griswold kept possession of the front room of the toll-house, and continued to collect the tolls.   In the meantime, whilst Bedford was in possession, the Court set aside and annulled the rule or order which had been made on the application of the Bedfords.   When this was done, Bedford was notified of the fact, and again requested to surrender the possession.   This he refused to do.   The Lake Bigler Road Company, claiming to be a corporation, by its attorneys, then moved the Court to be restored to the possession of the property of which Bedford had got posses-

sion, as before stated. Their application was based on an affidavit made by Winn, who was in possession at the time Bedford got in.

On the hearing of this motion, the Court below ordered the possession to be returned to the Lake Bigler Road Company. From this order, Bedford and wife appeal. Many objections are urged to the action of the Court below. One is, that Bedford did not get possession of the road by means of the rule of Court served on Winn, but that the possession was voluntarily surrendered to him. That Bedford, being placed quietly in possession of property in which he claims an interest, cannot be turned out upon summary process without a regular action against him. Another objection is, that the Lake Bigler Road Company did not show that it was a corporation, or in fact that there was any such company in existence ; that it did not show that Winn was its agent, or that it had any possession or any right to the possession of the road.

On the first point, we think the evidence that a fraudulent use was made of the process of the Court to obtain possession of the toll-house is perfectly conclusive. The elisor, instead of going to the defendants in the suit, who are the parties primarily mentioned, goes to the toll-keeper, who could not be supposed to know anything about legal matters connected with the road, to serve the rule. He is accompanied not only by Bedford, but by a third party in his employ to make the array more formidable. Then he is told " that it might be a contempt of Court not to deliver up possession." These are certainly very strong circumstances showing a preconcerted design to impose upon and frighten the toll-keeper out of possession. But this is not all. Bedford is asked if he will not collect the tolls whilst Winn goes to inquire what he must do. He says that he will. Such acceptance of the possession by Bedford certainly created, on his part, an implied promise to redeliver the possession to Winn if he concluded, after asking advice, that it was not his duty to surrender the possession. If Bedford intended when he took possession not to comply with this implied promise, it was a palpable fraud. If he did not so intend at the time, but afterwards conceived the idea of retaining the possession, then the execution of that afterthought was equally a fraud. We cannot see that it would make much difference in this case whether the

possession was fraudulently obtained or only fraudulently retained. It is apparent enough that Bedford was in possession at the time this order was made, and that possession was the joint result of his fraud and the improper use of the process of the Court. That being the case, it was the duty of the Court to remove him with all convenient promptitude.

As to the other objection, it is true the Lake Bigler Road Company hardly made any showing as to its own existence. But there are two facts which do appear in relation to this company: First— There is a deed introduced which purports to convey this road or certain interests therein to the Lake Bigler Road Company. Second—Winn, who was the party actually deprived of the possession, makes the affidavit to the petition praying for the order against Bedford to return the possession to that company. One thing is certain: whoever was entitled to possession of this road, Bedford was not. Of course, by this we do not mean to express any opinion about his legitimate rights, but only that it was not right for the Court to allow him to obtain any advantage from the abuse of the rule made by the Court.

Bedford then having no right to retain possession under the circumstances, the Court, if it was not satisfied as to the showing of the Lake Bigler Road Company, might with propriety have ordered the possession back into the hands of Winn. But Winn himself had made the affidavit to the petition, and we cannot see that the Court under such circumstances did wrong in making the order in the form in which we find it.

Bedford is not in any legal sense injured by the order. He has no right to complain that the Court has deprived him of any benefit he may have expected to derive from an abuse of its process.

A number of questions in regard to practice and other matters are raised in this case which we do not deem it necessary to decide: for, whether we consider the case as standing on the affidavits or on the affidavits and oral testimony introduced in aid thereof— whether we take the case as shown by the finding of facts by the Judge who heard the motion or as shown by appellant's statement on appeal—we arrive at the same conclusion. The process of the Court having been improperly used by Bedford to obtain possession,

he has no right to complain of being turned out by a summary order. If the order placing the Lake Bigler Road Company in possession was an improvident one (and as to that we express no opinion) some other person has been injured—not the Bedfords.

Judgment of the Court below is affirmed.

JOHNSON, J., being interested in the event of this suit, does not participate in this decision.